**Sukhdev SINGH, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 03–4648–CV.**

United States Court of Appeals, Second Circuit.

May 27, 2005.

Sukhdev Singh, Bronx, New York, for Appellant, pro se.

Gregory G. Lockhart, United States Attorney for the Southern District of Ohio,

by Christopher R. Yates, Assistant United States Attorney, Columbus, Ohio, for Appellees.

Present: KATZMANN, HALL, Circuit Judges, and MURTHA, District Judge.*

### SUMMARY ORDER

Sukhdev Singh, *pro se*, appeals the Board of Immigration Appeals's ("BIA") affirmance of the decision of an immigration judge ("IJ") denying his applications for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief pursuant to Article III of the Convention Against Torture ("CAT"). The parties' familiarity with the facts is assumed.

▪ We first consider whether this Court has jurisdiction to review the BIA decision as it pertains to Singh's wife and children. Although the petition for review clearly named Singh as petitioner, it did not mention Singh's wife or children by name. Jurisdiction as to Singh is clear. As to his wife and children, we note that this Court may take "hypothetical jurisdiction" over a case and reach the merits where the jurisdictional question does not involve constitutional issues. *See Fama v. Comm'r Corr. Servs.*, 235 F.3d 804, 816 (2d Cir.2000). Here, the jurisdictional question is statutory, as it involves review of an agency determination. Furthermore, as discussed below, the petitioners at issue are not entitled to relief whether we decline or accept jurisdiction over them. Thus, hypothetical jurisdiction is proper in this instance.

▪ In reviewing a BIA decision where, as here, the BIA summarily affirmed the IJ's decision, "it is appropriate ... to re-view the decision of the IJ directly." *Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 305 (2d Cir.2003).

We review the IJ's factual findings regarding eligibility for withholding of removal and asylum under a "substantial evidence" standard, *see id.* at 306–07, upholding them where they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole," *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000) (internal quotation marks and citation omitted). We accord "particular deference" to the IJ's determinations surrounding credibility. *See Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (quoting *Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997)). When reviewing credibility findings, courts "look to see if the IJ has provided 'specific, cogent' reasons for the adverse credibility finding and whether those reasons bear a 'legitimate nexus' to the finding." *Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004) (internal citations omitted). Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise. *Id.* (internal quotation marks and citations omitted).

Under this highly deferential standard of review, we find that the IJ's adverse credibility finding is supported by substantial evidence. Singh's testimony regarding his alleged arrests and beatings at the hands of the Punjab police was inconsistent, changing from four incidents to two incidents. Further, the documentary evi-

---

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

dence provided by Singh contradicts his testimony regarding the number of times he was allegedly beaten and tortured, and, indeed, in the present appeal, Singh claims to have been tortured only two times. Additionally, as the IJ found, there is evidence to support the conclusion that Singh was not in India during one of the incidents alleged to have occurred in 1997 and 1998, including Singh's own testimony that he was living in Dubai from 1994 to 1999 and the lack of any stamp in his passport which would indicate entry into India at that time. Furthermore, there are inconsistencies in Singh's descriptions of the torture that took place. For example, in one account of the 1993 incident, Singh testified that he was stripped naked and his legs forced open until he lost consciousness. Later, that account changed to being beaten by batons and a big stick. Further, the amount of bribe money paid by Singh's father differed between his testimony and his asylum application.

Because the adverse credibility findings were based upon "inconsistent statements, contradictory evidence, and inherently improbable testimony," the IJ found Singh to lack credibility on the relevant issues of his past persecution and his well-founded fear of future persecution. *Diallo v. I.N.S.*, 232 F.3d 279, 287–88 (2d Cir.2000). Therefore, because the IJ's determination was supported by substantial evidence, we decline to overturn that determination on appeal. *Id.*

For the foregoing reasons, we affirm the decision of the BIA.